UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN V. STENGER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:11CV2230 TIA |
| | ) |
| RICHARD H. KELLET, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

The above matter is pending before the undersigned pursuant to 28 U.S.C. § 636(c). Presently pending is a Motion to Intervene [Doc. #16--dated January 20, 2012] filed by St. Louis County, Missouri.

## **Background**

This case stems from the St. Louis County Council Reapportionment Commission's ("Reapportionment Commission") failure to adopt or file a plan to reapportion the boundaries of the St. Louis County Council districts (the "Districts") prior to the expiration of the Reapportionment Commission's term on December 20, 2011. (Compl. ¶¶ 18-19, ECF No. 14) Plaintiffs, elected representatives from three St. Louis County Council Districts and registered voters from all seven Council Districts, filed a Complaint for declaratory judgment against the St. Louis County Board of Election Commissioners ("Board") on December 22, 2011. (Compl. ¶¶ 1-9, ECF No. 14) According to the Complaint, the 2010 census revealed significant population changes in the Districts, which caused the population of the Districts to be unequal. (Compl. ¶

16, ECF No. 14) As a result, the vote of some residents of St. Louis County carry less weight than the vote of other residents in violation of the rule of "one person, one vote." (Compl. ¶ 16, ECF No. 14)

On January 20, 2012, St. Louis County, Missouri ("County") filed a motion to intervene pursuant to Fed.R.Civ.P. 24(a). (Mot. to Intervene, ECF No. 16) Plaintiff responded in opposition on January 23, 2012. (Pl.'s Response in Opp. to St. Louis County's Mot. to Intervene, ECF No. 17) County replied to Plaintiff's Opposition to Motion to Intervene on January 24, 2012. (St. Louis County, Missouri's Reply to Pl.'s Opp. to Mot. to Intervene, ECF No. 19)

**Standard for Ruling on a Motion to Intervene As of Right**[1]

Rule 24(a) provides: on timely motion, the court must permit a non-party to intervene who: "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movement's ability to protect its interest unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). To prove the requisite interest, an intervenor must demonstrate a recognized interest in the subject matter of the litigation which might be impaired by the disposition of the case and which will not be adequately protected by the existing parties. Mausolf v. Babbitt, 85 F.3d 1295, 1300 (8th Cir. 1996). This Court interprets Rule 24 liberally and resolves all doubts in favor of the

---

[1] County's original motion to intervene does not request permissive intervention under Rule 24(b). At the end of its Reply to Plaintiff's Opposition to County's Motion to Intervene, County asks the Court to grant permissive intervention if the Court does not agree that County is entitled to intervene as of right. Because the County cites minimal case law in support of permissive intervention and did not request permissive intervention in its original motion, this Court declines to address permissive intervention here.

proposed intervenors. United States v. Ritchie Special Credit Investments, Ltd., 620 F.3d 824 (8th Cir. 2010).

Although there is no consensus among the circuits, the Eighth Circuit requires prospective intervenors to have Article III standing to litigate their claim in federal court. Mausolf, 85 F.3d at 1300 ("We conclude that the Constitution requires prospective intervenors have Article III standing to litigate their claims in federal court."); American Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Academy, 643 F.3d 1088, (8th Cir. 2011) (citation omitted) ("When a party opposes a motion to intervene on the basis of standing, the prospective intervenor must allege facts showing the familiar elements of Article III standing."). To demonstrate standing, a party must allege an injury in fact, which is an injury to a legally protected interest that is concrete, particularized, and either actual or imminent. United States v. St. Louis Metropolitan Sewer Dist., 569 F.3d 829, 833-34 (8th Cir. 2009). "The purpose of the imminence requirement is 'to ensure that the alleged injury is not too speculative…[and] that the injury is certainly impending.'" Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 n. 2 (1992)). In addition, a party invoking standing must establish a causal connection between the injury and the conduct complained of, and it must be likely that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560-61. An interest in the payment of attorneys' fees, without more, does not confer an intervenor standing to litigate the underlying claim. Diamond v. Charles, 476 U.S. 54, 70 (1986). The burden is on the proposed intervenor to establish standing. Lujan , 504 U.S. at 561.

## **Discussion**

County argues this Court should allow County to intervene pursuant to Rule 24(a) because a judgment against Board for costs or attorneys' fees in this action will have the same financial impact on County as if the judgment had been imposed directly on County. (Mot. to Intervene ¶ 6, ECF No. 16) Further, County contends that if County is not permitted to intervene and judgment is rendered against Board, County will be unable to adequately assert any legal defense to the payment of attorneys' fees and costs requested by the parties. (Compl. ¶ 7, ECF No. 16) Plaintiff opposes County's intervention because County lacks a legal interest in the substantive issues of redistricting and reapportionment, and County's request for intervention is not ripe. (Pl.'s Response in Opp. to St. Louis County's Mot. to Intervene, ECF No. 17) Upon reviewing County's Motion to Intervene and related memoranda, the undersigned finds that intervention by County is not appropriate at this time.

County's lone stake in this suit is its potential liability to pay attorneys' fees. Under Missouri statute, County is obligated to pay election expenses incurred by Board. Mo. Rev. Stat. § 115.075 (2006). Should Plaintiffs prevail, and should this Court then require Defendant Board to pay the costs or attorneys' fees, County would be ultimately responsible for the payment. Id.

County contends it should be permitted to intervene "in order to monitor the case and be prepared to respond to the request for attorneys' fees." County cites this court's 2002 decision to allow County to intervene under similar circumstances in Corbett v. Sullivan. In Corbett, Judge Perry granted County's motion to intervene for the limited purpose of litigating attorneys' fees and costs issues *after* she issued her judgment, when the only remaining issue was allocation of attorneys' fees. Corbett v. Sullivan, No. 4:01CV02006 (Order of 3/26/02, Doc. 63).

4

County fails to satisfy the requirements of intervention because it lacks standing. The sole interest County asserts in this case its prospective liability for attorney's fees. Because County has not yet incurred attorney's fees, its liability for such costs is merely speculative. Accordingly, Board has not suffered an injury in fact and, thereby, lacks standing. County's lack of standing is compounded by the Supreme Court's ruling that an interest in attorneys' fees does not, by itself, confer standing. Diamond, 476 U.S. at 70.

Additionally, County's failure to demonstrate a recognized interest in the subject matter of this action prohibits intervention under Rule 24(a). As noted, County's only asserted interest in this case is attorney's fees. Redistricting is the subject matter of this case, however, not attorney's fees. Thus, County has not even alleged the requisite interest of Rule 24(a) and thus is not eligible to intervene as of right.

Unlike Corbett, County's present motion to intervene arrives before this Court has rendered judgment on the reapportionment of the Districts. Neither party has yet prevailed. Judge Perry's decision to allow County to intervene in Corbett, therefore, does not compel this Court to allow County to intervene in this suit at this date.

Because County lacks standing and fails to demonstrate a recognizable interest in the subject matter of this action, the Court will deny County's motion to intervene. In the event plaintiffs prevail and request attorneys' fees from defendant, County may re-file a motion to intervene under Rule 24(a) and (b) for the limited purpose of litigating attorneys' fees and costs issues.

Accordingly,

**IT IS HEREBY ORDERED** that St. Louis County, Missouri's motion to intervene [Doc. #16] is **DENIED** without prejudice.

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this  6th  day of February, 2012.