UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN V. STENGER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:11CV2230 TIA |
| | ) |
| RICHARD H. KELLET, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on St. Louis County Council Member Greg Quinn's Motion to Intervene [Doc. #27]. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

This case stems from the St. Louis County Council Reapportionment Commission's ("Reapportionment Commission") failure to adopt or file a plan to reapportion the boundaries of the St. Louis County Council districts (the "Districts") prior to the expiration of the Reapportionment Commission's term on December 20, 2011 and in accordance with § 2.035 of the St. Louis County Charter. Plaintiffs, Democrat elected representatives from three St. Louis County Council Districts and registered voters from all seven Council Districts, filed a Complaint for declaratory judgment against the St. Louis County Board of Election Commissioners ("Board") on December 22, 2011. According to the Complaint, the 2010 census revealed significant population changes in the Districts, which caused the population of the Districts to be unequal. As a result, the vote of some residents of St. Louis County carry less weight than the vote of other residents in violation of the rule of "one person, one vote."

On February 6, 2012, Greg Quinn, a St. Louis County Council Member of and a registered voter in Council District 7, filed a the present Motion to Intervene under Fed. R. Civ. P. 24(a). Plaintiffs filed their Response on February 7, 2012.  In that Response and during a pretrial hearing on that same date, the parties represented to the Court their consent to Mr. Quinn's intervention in this case, subject to certain restrictions.

Accordingly,

**IT IS HEREBY ORDERED** that St. Louis County Council Member Greg Quinn's Motion to Intervene [Doc. #27] is **GRANTED.**

**IT IS FURTHER ORDERED** that the following restrictions shall apply: (1) the Court will not grant any continuances or changes to the Court's Case Management Order; (2) Mr. Quinn must intervene as a voter; (3) Mr. Quinn may not introduce additional evidence; (4) Mr. Quinn may not request any relief from this Court except that a lawful map be drawn by the Court or that he receive attorney's fees should he prevail; and (5) Mr. Quinn may not expand the legal or factual issues beyond those in the case, subject to this Court's ruling on matters regarding the admission of political evidence during the trial.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this   7th   day of February, 2012.