UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN V. STENGER, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 4:11CV2230 TIA |
| RICHARD H. KELLETT, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on St. Louis County, Missouri's Motion to Intervene. (ECF No. 64) This Court has jurisdiction pursuant to 28 U.S.C. § 636(c).

## Background

This case stems from the Defendant Board of Election Commissioners' ("Board") failure to adopt or file a plan to reapportion the boundaries of the St. Louis County Council districts (the "Districts") prior to the expiration of Defendant's Reapportionment Commission's term on December 20, 2011. (Am. Compl. ¶¶ 18-19, ECF No. 14) Pursuant to the First Amended Complaint for Declaratory Judgment, Plaintiffs, elected representatives from three St. Louis County Council Districts and registered voters from all seven Council Districts, asked this Court to divide St. Louis County into seven County Council districts "composed of contiguous territory as compact and nearly equal in population as may be." (Am. Compl. ¶¶ 1-9, Prayer for Relief, ECF No. 14) On February 8, 2012, the Court held a bench trial to determine the new County Council district boundaries. On February 23, 2012, the undersigned issued a Memorandum and Order adopting the apportionment plan presented by the Plaintiffs, and the Court issued Judgment the following day. (ECF Nos. 45 & 46) Following a Motion to Amend the Order and Judgment, the Court amended its February 23 and

24 orders to incorporate Plaintiffs' exhibits 4 and 5 and allow St. Louis County to implement the reapportionment plan. (Order of March 13, 2012, ECF No. 53)

The Plaintiffs then filed a Motion for Award of Attorney's Fees and Costs on March 16, 2012, requesting that this Court order the Board to pay attorney's fees and costs related to the litigation of the case. (ECF No. 59) On March 28, 2012, St. Louis County, Missouri ("County") filed a Motion to Intervene, noting that the County is obligated by statute to pay election expenses incurred by the Board and asking that the Court allow the County to intervene so that it may respond to the Plaintiffs' motion for fees. (ECF No. 64) Plaintiffs filed a reply on April 9, 2012, renewing objections to the County's previous request to intervene. (ECF No. 70) Specifically, Plaintiffs maintain that the County has failed to demonstrate Article III standing to litigate this matter.

## Standard for Ruling on a Motion to Intervene

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right. That rule states that on timely motion, the court must permit a non-party to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movement's ability to protect its interest unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1) & (2). To prove the requisite interest, an intervenor must demonstrate a recognized interest in the subject matter of the litigation which might be impaired by the disposition of the case and which will not be adequately protected by the existing parties. Mausolf v. Babbitt, 85 F.3d 1295, 1300 (8th Cir. 1996). This Court interprets Rule 24 liberally and resolves all doubts in favor of the proposed intervenors. United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d

2

824, 831 (8th Cir. 2010) (citation omitted).

Under Fed. R. Civ. P. 24(b)(1)(B), upon timely motion a court may allow permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." When ruling on a Rule 24(b) motion, the principal consideration is "whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." South Dakota ex rel Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). Whether or not to grant a motion for permissive intervention is wholly discretionary. Id.

**Discussion**

County argues this Court should allow County to intervene pursuant to Rule 24(a) and (b) because a judgment against Board for costs or attorneys' fees in this action will have the same financial impact on County as if the judgment had been imposed directly on County. (Mot. to Intervene ¶ 7, ECF No. 64) Further, County contends that if County is not permitted to intervene and judgment is rendered against Board, County will be unable to adequately assert any legal defense to the payment of attorneys' fees and costs requested by the parties. (Mot. to Intervene ¶ 8, ECF No. 64) Plaintiffs oppose County's intervention because County lacks Article III standing . (Pl.'s Resp. in Opp. to St. Louis County's Mot. to Intervene, ECF No. 17; Pl.'s Reply in Supp. of Mot. for Award of Attorney's Fees and Costs n. 1; ECF No. 70)

County's stake in this suit is its potential liability to pay attorneys' fees. Under Missouri statute, County is obligated to pay election expenses incurred by Board. Mo. Rev. Stat. § 115.075 (2006). Should this Court grant the pending motion for attorney's fees and costs and require Defendant Board to pay those attorneys' fees and costs to Plaintiffs as the prevailing party, County would be ultimately responsible for the payment. Id. County contends it should be permitted to

3

intervene at this time because it has a claim or defense that shares a common question of law or fact with the main action, which is presently the question of attorney's fees. County argues that if the Court denies its motion to intervene, County would be unable to adequately assert any legal defenses to the payment of fees and costs requested by Plaintiffs.

The undersigned finds that County has satisfied the requirements of permissive intervention under Rule 24(b).[1] Plaintiffs have submitted a motion for attorney's fees and costs, and County will be statutorily obligated to pay such fees if taxed against the Board. Therefore, County has an interest in defending the motion for attorney's fees, which is directly related to the Board's inability to produce a reapportionment plan under the County Charter, the necessity of utilizing the Court to reapportion the districts, and the statutory responsibility of County to pay election expenses incurred by the Board. Further, because Plaintiffs filed their reply brief only a week ago, intervention on the issue of fees and costs would not cause delay or prejudice. While the Court previously denied County's motion because it was not ripe, the motion is now timely and will be granted to allow County to litigate the Motion for Award of Attorney's Fees and Costs. See Corbett v. Sullivan, No. 4:01CV02006 (Order of 3/26/02, Doc. 63) (granting County's motion to intervene for the limited purpose of litigating attorneys' fees and costs after judgment, when the only remaining issue was allocation of attorneys' fees).

---

[1] The undersigned notes that Plaintiffs do not contest the timeliness of County's motion.

Accordingly,

**IT IS HEREBY ORDERED** that St. Louis County, Missouri's Motion to Intervene [Doc. #64] is **GRANTED**.

                                                /s/ Terry I. Adelman
                                    UNITED STATES MAGISTRATE JUDGE

Dated this   16th   day of April, 2012.