UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN V. STENGER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11CV2230 TIA |
| ) | |
| RICHARD H. KELLETT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on proposed Intervenor Leslie Tolliver Broadnax's Motion to Intervene. (ECF No. 55) Also pending are Ms. Broadnax's Motion for New Trial or to Amend the Judgment (ECF No. 56) and Motion for Oral Argument (ECF No. 74) on the motions to intervene and for new trial or to alter or amend the judgment. This Court has jurisdiction pursuant to 28 U.S.C. § 636(c).

**I. Background**

This case stems from the Defendant Board of Election Commissioners' failure to adopt or file a plan to reapportion the boundaries of the St. Louis County Council districts prior to the expiration of Defendant's Reapportionment Commission's term on December 20, 2011. (Am. Compl. ¶¶ 18-19, ECF No. 14) On February 8, 2012, the Court held a bench trial to determine the new County Council district boundaries. On February 23, 2012, the undersigned issued a Memorandum and Order adopting the apportionment plan presented by the Plaintiffs, and the Court issued Judgment the next day. (ECF Nos. 45 & 46) Following a Motion to Amend the Order and Judgment, the Court amended its February 23 and 24 orders to incorporate Plaintiffs' exhibits 4 and 5 and allow St. Louis County to implement the reapportionment plan. (Order of March 13, 2012, ECF No. 53)

On March 14, 2012, Leslie Tolliver Broadnax filed a Motion to Intervene, asserting that the court-drawn plan resulted in Ms. Broadnax's home in Bellefontaine Neighbors being moved out of the Fourth County Council District. (Mot. to Intervene ¶ ) According to her motion, Ms. Broadnax filed as a candidate to represent the Fourth District on the County Council but received a letter from the Democratic Director of Elections stating that she was not qualified based upon the new county council district lines. (Id. at ¶ 4) Ms. Broadnax seeks to intervene to pursue her motion for a new trial or to amend the judgment. (Id. at ¶ 5) She claims that she has an interest relating to the reapportionment plan adopted by the Court and that the disposition of the action has impaired her ability to protect her interest as a voter and a candidate for public office. (Id. at ¶ 6)

Plaintiffs and Defendants filed responses in opposition to Ms. Broadnax's Motion to Intervene on April 2, 2012. Plaintiffs contend that Ms. Broadnax's motion is untimely and that she lacks standing to intervene.[1] Defendants also oppose Ms. Broadnax's motion, asserting that the motion is not timely and that Ms. Broadnax is unable to meet the standards for either intervention as of right or permissive intervention.

## II.  Standards for Ruling on a Motion to Intervene

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right. That rule states that on timely motion, the court must permit a non-party to intervene who:

>    (1) is given an unconditional right to intervene by a federal statute; or
>    (2) claims an interest relating to the property or transaction that is the

---

[1]  Plaintiffs correctly note that Ms. Broadnax fails to specify whether she seeks to intervene as of right under Fed. R. Civ. P. 24(a) or as a permissive intervenor under Rule 24(b). Indeed, Ms. Broadnax argues only that the motion is timely and that she has Title III standing in her reply brief and does not address the criteria required under Rule 24(a)(2) or (b)(1)(B).

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(1) & (2). To prove the requisite interest, an intervenor must demonstrate a recognized interest in the subject matter of the litigation which might be impaired by the disposition of the case and which will not be adequately protected by the existing parties. Mausolf v. Babbitt, 85 F.3d 1295, 1300 (8th Cir. 1996). This Court interprets Rule 24 liberally and resolves all doubts in favor of the proposed intervenors. United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 831 (8th Cir. 2010) (citation omitted).

Under Fed. R. Civ. P. 24(b)(1)(B), upon timely motion a court may allow permissive intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." When ruling on a Rule 24(b) motion, the principal consideration is "whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." South Dakota ex rel Barnett v. U.S. Dept. of Interior, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). Whether or not to grant a motion for permissive intervention is wholly discretionary. Id.

The Eighth Circuit requires all prospective intervenors to have Article III standing to litigate their claim in federal court. Mausolf, 85 F.3d at 1300 ("We conclude that the Constitution requires prospective intervenors have Article III standing to litigate their claims in federal court."); Am. Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad., 643 F.3d 1088, 1092 (8th Cir. 2011) (citation omitted) ("When a party opposes a motion to intervene on the basis of standing, the prospective intervenor must allege facts showing the familiar elements of Article III standing."). To demonstrate standing, a party must allege an injury in fact, which is an injury to a legally protected interest that

is concrete, particularized, and either actual or imminent. United States v. St. Louis Metro. Sewer Dist., 569 F.3d 829, 833-34 (8th Cir. 2009). "The purpose of the imminence requirement is 'to ensure that the alleged injury is not too speculative . . . [and] that the injury is certainly impending.'" Id. at 834 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 n. 2 (1992)). In addition, a party invoking standing must establish a causal connection between the injury and the conduct complained of, and it must be likely that the injury will be redressed by a favorable decision. Lujan, 504 U.S. at 560-61. The burden is on the proposed intervenor to establish standing. Id. at 561.

### III. Discussion

### A. Timeliness

Before addressing the requirements under Rule 24, the Court will consider Ms. Broadnax's arguments that she has timely filed the present motion to intervene and that she has standing to intervene in this action. Plaintiffs and Defendants correctly note that when moving for intervention either as a matter of right or on a permissive basis, the motion must be timely. Planned Parenthood of the Heartland v. Heineman, 664 F.3d 716, 718 (8th Cir. 2011). To determine timeliness, this Court considers four factors:

> (1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties.

Am. Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad., 643 F.3d 1088, 1094 (8th Cir. 2011) (citation omitted).

Plaintiffs assert that Ms. Broadnax's motion to intervene is untimely because Ms. Broadnax did not file the motion to intervene until after the Court entered judgment, and she fails to offer any

4

justification or explanation for not seeking to intervene while the action was pending, despite the fact that she had knowledge of litigation involving district reapportionment. Further, Plaintiffs contend that allowing Ms. Broadnax to intervene after the entry of judgment would greatly prejudice the parties, and the Defendants in particular with regard to their ability to adequately plan and execute the primary election scheduled for August 3, 2012. Ms. Broadnax, on the other hand, argues that she is able to meet the timeliness standards in this case.

The undersigned finds that the motion to intervene filed by Ms. Broadnax is untimely. First, as the Plaintiffs and Defendants correctly note, the Court has already issued final judgment in this case. Specifically, the Court held a bench trial on February 8, 2012; issued a Memorandum and Order on February 23, 2012 which adopted the Plaintiffs' redistricting plan and explicitly found that the plan complied with the Voting Rights Act; filed the Judgment the following day; and issued an Order on March 13, 2012, amending the previous Memorandum and Order and Judgment by incorporating two exhibits introduced and admitted at trial which were necessary for the proper implementation of the reapportionment plan. Ms. Broadnax proposes, with no supporting statutory or case law, that the amended judgment is not final and therefore not enforceable because Exhibits 4 and 5 are not attached to the Order. Thus, Ms. Broadnax argues that her motion is timely because she filed it prior to judgment.

Contrary to Ms. Broadnax's assertion, the Court did file a Judgment on February 24, 2012 in a "separate document" as required by Fed. R. Civ. P. 58(a) and amended the Judgment only to the extent that it incorporated the computer programs, not hard copies, introduced as exhibits at trial. (Judgment of 2/24/12, ECF No. 46; Order of 3/13/12, ECF No. 53) Ms. Broadnax did not file her motion to intervene until *after* Judgment was final in this case. Waiting to intervene "until the latest

5

opportunity" supports the denial of a motion to intervene. See Minn. Milk Producers Ass'n v. Glickman, 153 F.3d 632, 646 (8th Cir. 1998) (noting that movants had not sought intervention until the last minute, which delay would result in prejudice to the plaintiffs). Further, "'[t]he general rule is that motions for intervention made after entry of final judgment will be granted only upon a strong showing of entitlement and of justification for failure to request intervention sooner.'" Planned Parenthood of the Heartland v. Heineman, 664 F.3d 716, 718 (8th Cir. 2011) (quoting United States v. Associated Milk Producers, Inc., 534 F.2d 113, 116 (8th Cir. 1976)). Ms. Broadnax makes no such strong showing in this case.

Indeed, Ms. Broadnax admits that she had prior knowledge of the pending action in this Court yet took no action. (Broadnax's Mem. in Reply 4, ECF No. 73) However, the undersigned notes that Greg Quinn filed his motion to intervene prior to the commencement of the trial to ensure that the rights of Republican voters were protected. (Mot. to Intervene, ECF No. 27) Ms. Broadnax was aware that she had this same opportunity but declined to exercise said opportunity until it was too late. See United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 833 (8th Cir. 2010) ("When a party had knowledge of all the facts . . . and failed to raise the issue when first presented with an opportunity to do so, subsequent intervention is untimely.").

Even more compelling, Ms. Broadnax offers no justification for her delay in seeking to intervene. She merely complains now because the change in boundaries affects her ability to run as a candidate in the Fourth District, a potential outcome for any person seeking candidacy. See Fletcher v. Golder, 959 F.2d 106, 109 (8th Cir. 1992) (requiring the district court to achieve "(1) equality of population among districts; (2) geographic compactness; and (3) protection of minority voting rights" when reapportioning the St. Louis County Council Districts and finding political

6

motivations behind any plans legally irrelevant). While Ms. Broadnax raises conclusory allegations that her political aspirations were thwarted based on race, the undersigned thoroughly addressed the reapportionment plan in light of the Voting Rights Act and concluded that the "plan does not violate the Voting Rights Act in any respect." (Mem. and Order of 2/23/12 24, ECF No. 45) Thus, the undersigned finds that her assertion of racial discrimination as the reason for her delay has no basis in fact or in law.[2]

Finally, the Court notes the resulting prejudice to the parties, and the Defendants in particular, as they have been charged with enforcing the adopted reapportioned County Council districts. As noted by the Plaintiffs, filing for the August 3, 2012 primary election closed on March 27, 2012. Further, the parties sought an expedited judgment regarding the new St. Louis County district boundaries in order to appropriately and expeditiously proceed with the election. Any intervention by Ms. Broadnax, coupled with the relief she requests in her motion for a new trial, would jeopardize the Defendants' ability to adequately prepare for the upcoming election. Ms. Broadnax contests the existence of prejudice, asserting that she could still be placed on the ballot under Mo. Rev. Stat. § 115.125, thus providing time for the Court to change the district lines to allow her to be a candidate for the Fourth District St. Louis County Council seat. However, the undersigned finds that the timing is inconsequential, as calling into question the validity of the court-ordered plan would stifle the progress the Defendant Board of Elections has already made and impair its ability to adequately prepare for the election.

In short, the Court finds that Ms. Broadnax filed her motion after this Court issued judgment

---

[2] As the record demonstrates, Plaintiffs consisted of current elected council representatives from the democratic districts, as well as voters from all districts, including an African-American voter from the Fourth District. (Am. Comp. ¶ 8, ECF No. 14)

7

on the new St. Louis County Council district lines; she knew of the pending case yet took no action; she now provides no plausible reason for her delay in seeking intervention; and her intervention has a substantial likelihood of prejudicing the Plaintiffs, Defendants, and the voters in St. Louis County. Thus, the undersigned concludes that Ms. Broadnax is unable to meet the threshold requirement of timeliness with regard to her motion to intervene, and the Court will deny her motion on that basis. See Planned Parenthood of the Heartland v. Heineman, 664 F.3d 716, 718 (8th Cir. 2011) (affirming the district court's finding of untimeliness where the litigation was terminated, the plaintiff failed to justify the delay in filing in light of prior knowledge of the case, and the parties would be prejudiced because final judgment had been entered).

### B. Standing

Assuming, *arguendo*, that Ms. Broadnax's motion is timely, her motion to intervene would still be denied on the basis of standing. Ms. Broadnax must demonstrate that she has Article III standing in addition to meeting the requirements of Rule 24. United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 833 (8th Cir. 2009) (citation omitted). "When a party opposes a motion to intervene on the basis of standing, the prospective intervenor must allege facts showing the familiar elements of Article III standing." Am. Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Acad., 643 F.3d 1088, 1092 (8th Cir. 2011) (citation omitted). Ms. Broadnax has failed to allege such facts.

As stated above, to demonstrate standing a party has the burden of proving: "(1) that [she] suffered an 'injury-in-fact,' (2) that a causal relationship exists between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." Dutch Jackson IATG, LLC v. Basketball Mktg. Co., ___ F. Supp. 2d ___, 2012 WL 124579, at *5 (E.D. Mo. Jan. 17, 2012) (citation omitted). Injury in fact is an injury to a legally protected interest that is "concrete,

8

particularized, and either actual or imminent." United States v. St. Louis Metropolitan Sewer Dist., 569 F.3d 829, 833-34 (8th Cir. 2009) (citation and internal quotations omitted).

Here, the parties correctly note that Ms. Broadnax is unable to demonstrate an injury in fact. She claims that her injury "in fact" is that she "has been denied the right and privilege to be a candidate for the office of county council person by reason of her race and as a black voter to have an opportunity to elect a candidate of her choice due to racially discriminatory conduct on the part of Plaintiff O'Mara . . . ." (Broadnax's Mem. in Reply 7, ECF No. 73) She further asserts that O'Mara will run unopposed in the Democratic primary election, preventing black democratic voters from electing a candidate of their choice. Id.

Aside from being conclusory, Ms. Broadnax's proposition that she has been injured is based solely on supposition and is neither actual nor imminent. "The purpose of the imminence requirement is 'to ensure that the alleged injury is not too speculative…[and] that the injury is certainly impending.'" United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 834 (8th Cir. 2009) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 564 n. 2 (1992)).

Further, Ms. Broadnax is unable to show that her alleged injury of not being able to run as a candidate is traceable to Plaintiff O'Mara's conduct. Indeed, Ms. Broadnax, as a resident of and voter in St. Louis County, was represented by eight individuals who were residents and voters in St. Louis County, including an African American voter from the Fourth District. Nothing contained in the pleadings or adduced at trial indicates that Mr. O'Mara caused any injury to Ms. Broadnax. Because Ms. Broadnax has failed to demonstrate an injury in fact or a causal connection between the alleged injury and the challenged conduct, the undersigned finds that she lacks standing to intervene in this matter. See United States v. Metro. St. Louis Sewer Dist., 569 F.3d 829, 837 (8th Cir. 2009)

9

(concluding that the proposed intervenor lacked standing to intervene because it failed to adequately allege that it would suffer a concrete and particularized injury).

### C. Intervention Under Rule 24

Finally, the Court finds that, aside from the issues of timeliness and standing, Ms. Broadnax has failed to demonstrate either that she has the right to intervene under Fed. R. Civ. P. 24(a) or may intervene on a permissive basis under Fed. R. Civ. P. 24(b). Rule 24(a) requires the Court to permit intervention of anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movement's ability to protect its interest, unless existing parties adequately represent that interest." While Ms. Broadnax may have an interest in the redistricting plan adopted by this Court, the record demonstrates that her interests were adequately protected by the eight Plaintiffs and intervenor Quinn as St. Louis County residents and voters. Indeed, Ms. Broadnax has not alleged that her interests were not adequately represented by the multiple Plaintiffs in this case, only Mr. O'Mara. See South Dakota ex rel Barnett v. U. S. Dept. of , 317 F.3d 783, 785 (8th Cir. 2003) (citation omitted) (noting that a proposed intervenor bears a heavier burden to show that his or her rights are not adequately represented where a party in the suit has an obligation to represent the interests of the proposed intervenor). Therefore, Ms. Broadnax may not intervene as of right.

In addition, her alleged claim or defense does not share a common question of law or fact with the main action in this case, as required by Rule 24(b). The case before this Court involved the reapportionment of the St. Louis County Council District lines in order to comply with the United States and Missouri Constitution by achieving equality of population among districts, geographic compactness, and protection of minority voting rights. The Court's Judgment satisfies these goals,

10

and Ms. Broadnax's interest in running as a candidate in the Fourth District has no legal or factual relationship to the Court's Judgment. Thus, Ms. Broadnax's motion to intervene as a permissive intervenor will be denied.[3]

### IV. Conclusion

The Court finds that Ms. Broadnax has failed to demonstrate that she timely filed her motion to intervene, has standing to intervene in this case, or can satisfy the requirements of Rule 24 for intervention. Therefore, the Court will deny her motion. Likewise, because she is not a party to this case, the Court will deny her motion for a new trial or to amend the judgment and her motion for a hearing.

Accordingly,

**IT IS HEREBY ORDERED** that [Proposed] Intervenor Broadnax's Motion to Intervene [Doc. #55] is **DENIED.**

**IT IS FURTHER ORDERED** that [Proposed] Intervenor Broadnax's Motion for New Trial or to Amend the Judgment [Doc. #56] is **DENIED.**

**IT IS FINALLY ORDERED** that Broadnax's Motion for Oral Argument [Doc. #74] is **DENIED.**

    /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this __23rd__ day of April, 2012.

---

[3] Although Ms. Broadnax's motion baldly states that she meets the requirements of Rule 24 intervention, she provides no legal authority for that proposition in any memoranda.