UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN V. STENGER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.  4:11CV2230 TIA |
| ) | |
| RICHARD H. KELLETT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Award of Attorney's Fees and Costs (Doc. No. 59) and Intervenor Greg Quinn's Motion for Award of Attorney's Fees (Doc. No. 76). Plaintiffs also filed a Supplement to their motion for fees and costs (Doc. No. 79).  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

This case arose from a law suit filed by the Plaintiffs seeking to have the Court declare that the boundaries of the seven St. Louis County Council districts violated the United States and Missouri Constitutions and divide St. Louis County into seven districts that were contiguous, compact, and as nearly equal in population as may be.  After a half-day trial, the Court found that the current St. Louis County, Missouri Council Districts violated the Fourteenth Amendment to the United States Constitution and Article 1, Section 2 of the Missouri Constitution.  The Court further adopted the apportionment plan proposed by the Plaintiffs and determined the plan to meet all federal and state constitutional requirements.  (Mem. and Order of 2/23/12, ECF No. 45) Plaintiffs thereafter filed a Motion for Attorneys' Fees and Costs, requesting attorneys' fees in the amount of  $119,

673.00[1], nontaxable costs in the amount of $8,662.12, and taxable costs of $431.00, which Plaintiffs incurred from December 17, 2011 through February 29, 2012. After the Court granted St. Louis County's ("County") Motion to Intervene, the County filed a response to Plaintiffs' motion for fees and costs, asserting that the 400 hours of attorney time which involved little legal analysis and culminated in a one-half day trial with only one witness was excessive and unreasonable. Intervenor Greg Quinn also filed a Motion for Attorney's Fees, seeking $6,750.00 as reimbursement for 27 hours of attorney time billed at $250.00 an hour. (ECF No. 76) The County opposed the motion, arguing that Mr. Quinn sought intervention a mere 2 days before trial and failed to produce meaningful cross examination or advance any cogent argument for disregarding the boundaries proposed by the Plaintiffs.

## Discussion

Plaintiffs brought their claims under 42 U.S.C. §§ 1983 and 1988. Under 42 U.S.C. § 1988(b), in an action under § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." A prevailing party in a civil rights action should ordinarily recover such attorneys' fees unless special circumstances rendered an award unjust. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). To determine the amount of reasonable attorneys' fees, courts employ the "lodestar" method and multiply the number of hours reasonably expended with a reasonable hourly rate. Id. at 433. In making this determination, courts consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly;

---

[1] Plaintiffs later raised the requested amount to $152,882.50 after Leslie Broadnax attempted to intervene and file a motion for a new trial.

>  (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Hensley v. Eckerhart, 461 U.S. 424, 430 n.3 (1983).

Plaintiffs' lead attorney, Jane Dueker, has submitted an affidavit seeking compensation for 97.70 hours of her time, 155.20 hours of time for attorney John C. Grellner, 60.90 hours of time for attorney Crystal Hall, 94.10 hours of time for attorney Nicolas Frey, and a total of 13 hours of paralegal time. According to this affidavit, Ms. Dueker's hourly rate is $400; Mr. Grellner's hourly rate is $280; and the hourly rate for both Ms. Hall and Mr. Frey is $225. (Aff. of Jane E. Dueker, ECF No. 59-1)

In response, Intervenor St. Louis County has filed an opposition to the Plaintiffs' motion for fees and costs, asserting that the amounts are excessive and unreasonable. In support of this contention, the County notes that the case involved very little legal analysis and required only a half-day trial consisting of testimony from one witness. The County does not object to the expert witness fees totaling $7,350.00 that Plaintiffs request,[2] nor does it object to the award of reasonable attorneys' fees. However, the County contends that the number of hours and hourly rates are unreasonable. The County also notes that the court in the previous redistricting case slashed the fee amount by more than half. The Court agrees that reasonable attorneys' fees are warranted in this

---

[2] Under 42 U.S.C. § 1988, "the court, in its discretion, may include expert fees as part of the attorney's fee."

3

case. However, as the Court will explain in greater detail, the amount requested by the Plaintiffs is excessive and will be reduced accordingly.

Plaintiffs' four attorneys have submitted 400 hours in services rendered. However, as the County correctly notes, this case was essentially uncontested. The parties stipulated to the facts, and the trial lasted only one-half day and required only one expert witness. Further, the case law on the issue of redistricting was scant and primarily involved two prior redistricting cases in this Court resulting from census data changes. The County argues, and the undersigned agrees, that the Plaintiffs duplicated the effort by utilizing four attorneys and billing for team conferencing. As stated by Chief District Judge Perry, the Corbett case "reflect[ed] excessive amounts of time by multiple lawyers, often apparently working on the same matters or holding lengthy conferences with one another . . . ." Corbett v. Sullivan, No. 4:01CV02006CDP (Order of 11/20/02 at 5, ECF. No. 75). Review of Ms. Dueker's affidavit demonstrates that the attorneys spent an excessive amount of time conferring with each other. In addition, Mr. Grellner spent many hours engaging in non-specific "trial preparation." Several notations show that at least 3 attorneys worked on drafting, revising, and editing the petition and the 14 page trial brief. All four attorneys billed time for attending the half-day trial, even though the associates played no role in the litigation.

Further, the County correctly asserts that the block-billed entries cause difficulty for the Court to determine the exact amount of time spent on these duplicative tasks. However, given that the case was not complex or highly contested, as well as the fact that the Corbett case laid out a road map for the redistricting litigation, the Court finds that the hours of Mr. Grellner, Mr. Frey, and Ms. Hall should be cut in half. The Court will allow Ms. Dueker's hours and hourly fee, as she is a senior partner and was lead counsel in this case. The Court thus will reduce the rates as follows:

>Attorney Jane Dueker: 97.7 hours x $400 = $39,080.00
>
>Attorney John Grellner: 77.6 hours x $280 = $21,728.00
>
>Attorney Nicholas Frey: 47.0 hours x $225 = $10,575.00
>
>Attorney Crystal Hall: 30.5 hours x $225 = 6,863.00

The total attorneys fees for the four attorneys working on this case becomes $78,246.00. With the addition of paralegal fees totaling $2,262.00, the lodestar amount for attorneys fees is $80,508.00. The Court appreciates the fact that the attorneys were professional, courteous, and expeditious throughout the proceedings. However, as in Corbett, the undersigned concludes that the bill, as detailed above, is excessive and also notes that it must ultimately be paid by the taxpayers of the county. See Corbett , No. 4:01CV02006 CDP (Order of 11/20/02 at 5, Doc. No. 75).

The County also contests the reimbursement of costs requested by the Plaintiffs in this case. The Court finds that this request for fees of the clerk, fees of the court reporter, copying fees, parking and mileage fees, and electronic research expenses are reasonable and reimbursable. Under 28 U.S.C. § 1920, "a judge . . . of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . ." Here, the County does not appear to contest the costs under § 1920 for the filing fee and fees of the court reporter, which total $431.00. Instead, the County argues that seeking recovery of other expenses under 42 U.S.C. § 1973l(e) and 42 U.S.C. § 1988 is unreasonable.

Under 42 U.S.C. § 1973l(e), "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable

5

litigation expenses as part of the costs." Further, courts in this circuit allow reasonably incurred out-of-pocket expenses to be awarded as attorneys fees. Hunter Eng'g Co. v. Hennessy Indus., Inc., No. 4:08CV465 DDN, 2010 WL 2628336, at *4 (E.D. Mo. June 25, 2010). These costs include photocopying and travel costs. Id. In addition, courts in this circuit may reimburse electronic legal research as reasonable litigation expenses. See In re UnitedHealth Group Incorporated Shareholder Derivative Litigation, 631 F.3d 913, 918-19 (8th Cir. 2011) (permitting awards to reimburse counsel for reasonable costs of online legal research). Therefore, the Court will add the out-of-pocket expenses of $1312.12 to the amount of attorneys fees as well. In addition, the Court will grant, in part, the additional fees requested by Plaintiffs in their Supplement in the amount of $14,720.00.[3] (Supplement to Pls.' Mot. for Award of Att'y's Fees and Costs, ECF No. 79) As a result, the total lodestar amount for attorneys fees and costs awarded to the Plaintiffs is $104,321.12.

Also pending is Mr. Quinn's Motion for Award of Attorney's Fees, requesting $6,750.00 as reimbursement for fees expended in filing the Motion to Intervene and representing Republican voters. The fees consist of 27 hours of attorney work at $250.00 per hour. (Intervenor Greg Quinn's Mot. for Award of Att'y's Fees, ECF no. 76) The County argues that the Court should deny this motion because Mr. Quinn "produced no meaningful cross examination at trial, nor did he advance any cogent argument for disregarding the boundaries propounded by the plaintiffs . . ." (Intervenor

---

[3] Plaintiffs seek to add $33,980.30 to the amount of attorneys fees for time expended on Leslie Brodnax's federal and state court motions and on responding to the County's challenge to Plaintiffs' motion for attorneys fees and costs. The County argues that the amounts requested are excessive and unreasonable. Plaintiffs did not file a reply to the County's objection. In addition, Plaintiffs fail to explain how fees expended in a different lawsuit in state court are recoverable in this action. The Court finds the reduced amount of $14,720.00 suggested by the County is fair and reasonable in that the motions filed by Ms. Broadnax were not complex and much of the fees sought by Plaintiffs' four attorneys were duplicative.

St. Louis County's Response 1, ECF No. 78)

The Court finds that the fees requested by Mr. Quinn are reasonable in this case.  Mr. Quinn represented the Republican voters at trial and cross-examined the expert, Dr. Kimball, to ensure that the proposed map, submitted by the Democrats, was lawful and free from political bias or consideration.  Mr. Quinn correctly notes that the Corbett court awarded attorneys fees to all plaintiffs and intervenors representing the interests of all political groups. Corbett, No. 4:01CV02006CDP (Order of 11/20/02, ECF. No. 75).  The Eighth Circuit Court of Appeals affirmed the award.  Corbett v. Sullivan, 353 F.3d 628 (8th Cir. 2003).  The Court finds the number of hours expended and the hourly rate to be reasonable, thus establishing a lodestar figure of $6,750.00 for legal fees incurred by Mr. Quinn.

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiffs' Motion for Award of Attorney's Fees and Costs (Doc. No. 59) and Supplement to Plaintiffs' Motion for Award of Attorney's Fees and Costs (Doc. No. 79) are **GRANTED**, in part.  The Plaintiffs shall recover from the St. Louis County Board of Election Commissioners and St. Louis County the sum of $104,321.12 (One Hundred Four Thousand Three Hundred Twenty-One Dollars and Twelve Cents) as reasonable attorneys fees, taxable costs, and non-taxable costs.

**IT IS FURTHER ORDERED** that Intervenor Greg Quinn's Motion for Award of Attorney's Fees (Doc. No. 76) is **GRANTED**.  Intervenor Quinn shall recover from the St. Louis

County Board of Election Commissioners and St. Louis County the sum of $6,750.00 (Six Thousand Seven Hundred Fifty Dollars) as reasonable attorney's fees.


                                                   /s/ Terry I. Adelman
                                      UNITED STATES MAGISTRATE JUDGE

Dated this  6th  day of December, 2012.